NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0219n.06

No. 11-5074

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Feb 23, 2012*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| JOSEPH MILES, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ROLAND COLSON, Warden, | ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

Before: MERRITT and COOK, Circuit Judges; COX, District Judge.[*]

PER CURIAM. In this appeal of state prisoner Joseph Miles's habeas-petition dismissal, we determine whether the district court abused its discretion in denying Miles's request for an evidentiary hearing. Holding that it did not, we AFFIRM.

The facts underlying this appeal may be found in the district court opinion. *Miles v. Bell*, 2010 WL 5211602, at *6–*9 (M.D. Tenn. Dec. 16, 2010). The only issue raised on appeal, fairly distilled, is whether the district court abused its discretion by refusing to grant an evidentiary hearing before dismissing Miles's habeas petition.

---

[*]The Honorable Sean F. Cox, United States District Judge for the Eastern District of Michigan, sitting by designation.

Subject to exceptions not applicable here, 28 U.S.C. § 2254(e)(2) prohibits a district court sitting in habeas from granting evidentiary hearings in cases where a state prisoner "fail[ed]" to develop the factual basis for his claim during state proceedings. We deem Miles's lack of diligence in procuring expert testimony during state postconviction proceedings as such a "failure." *See Williams v. Taylor*, 529 U.S. 420, 432 (2000) ("Under . . . § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is *lack of diligence*, or some greater fault . . . ." (emphasis added)).

Though Miles argues that "he showed no lack of diligence in not putting on testimony that he could not afford," *Williams* forecloses such after-the-fact arguments. *See Williams*, 529 U.S. at 435 ("Diligence . . . depends on whether the prisoner made a reasonable *attempt*, in light of the information available at the time, to investigate and pursue claims in state court . . . ." (emphasis added)). Nothing in the record suggests that Miles attempted to procure the expert testimony that he seeks to introduce through a habeas evidentiary hearing, though he knew at the time of his state postconviction proceedings the necessity of such evidence to support his ineffective-assistance-of-counsel claim. *See Landrum v. Mitchell*, 625 F.3d 905, 924 (6th Cir. 2010) (rejecting petitioner's request for habeas evidentiary hearing to introduce expert testimony, where petitioner only made "general requests" for discovery during state proceedings, rather than referring "specifically to the need for an expert"). We are unpersuaded by his assertion that any attempt to introduce expert evidence would have been futile. *See Sheppard v. Bagley*, 657 F.3d 338, 343–44 (6th Cir. 2011)

(rejecting habeas petitioner's futility-based excuse for non-attempt, because there was some chance that witnesses might have volunteered to testify, contrary to petitioner's assumptions).

Having fully considered Miles's arguments to the contrary, we hold that the district court acted within its sound discretion in denying an evidentiary hearing. We affirm the district court judgment dismissing the habeas petition.

No. 11-5074
*Miles v. Colson, Warden*

**MERRITT, Circuit Judge, concurring.**  I agree with the court's opinion affirming the district court in this case on procedural grounds.  I would simply add that this case is governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), *see* 28 U.S.C. § 2254, which modifies the habeas corpus statute to make more restrictive the rules applicable to habeas petitions. In the recent case of *Greene v. Fisher*, No. 10-637, 565 U.S. ____ (Nov. 8, 2011), the Supreme Court was unanimous.  It stated that the AEDPA standard "is difficult to meet, because the purpose of AEDPA is to ensure that federal habeas relief functions as a guard against *extreme malfunctions in the state criminal justice system, and not as a means of error correction*" (emphasis added).  In my opinion, the ruling of the Tennessee Court of Criminal Appeals that the failure of trial counsel to call a psychiatric or similar expert in this case was not prejudicial, does not constitute an "extreme malfunction in the state criminal justice system."  Miles killed Elliott at point blank range.  He did so intentionally.  It seems highly unlikely that a jury would have found Miles not guilty of murder. There has been no breakdown in the system of criminal justice in this case, even though it may well be possible that in this case, like many others, the defendant could have had better representation.